## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **COURTNIE R. PRESNULL,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CASE NO: 6:19-CV-00660-ADA-JCM** |
| | § | **JURY TRIAL DEMANDED** |
| **VANTRAN INDUSTRIES, INC. a/k/a** | § | |
| **VANTRAN TRANSFORMERS** | § | |
| **Defendant** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT
(Filed as a Matter of Course under FRCP 15(a)(1)(B) & In Substitution for Plaintiff's Second Amended Original Petition After Removal from the 414th District Court of McLennan County, Texas by Defendant)

## TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes Plaintiff, COURTNIE R. PRESNULL, complaining of VANTRAN INDUSTRIES, INC. a/k/a VANTRAN TRANSFORMERS, hereinafter referred to as Defendant, and for cause of action would show the Court and Jury the following:

### SUMMARY OF THE COMPLAINT

This is a suit against Defendant complaining of gender discrimination, disability discrimination, retaliation, and discrimination for absences related to her family illnesses based on *the Texas Commission on Human Rights Act, V.T.C.A. Texas Labor Code* §§ 21.001 et. seq.; *Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e)(Title VII);* the *Americans with Disabilities Act of 1990, 42 U.S.C. Ch.21 § 12101 et seq.* (ADA), *as amended by the Americans with Disabilities Act Amendments Act of 2008* (ADAAA); and *the Family and Medical Leave Act of 1993, 29 U.S.C.*

*2601 et seq. (FMLA)* seeking damages for job termination and other related damages allowed by said law.

## PARTIES

1.    Plaintiff is an individual. Defendant is an entity doing business in the state of Texas. Defendant was the employer of Plaintiff at all times relative to this suit.  Plaintiff brings this suit against the entity or entities which have done business as "VanTran Industries, Inc." and/or "VanTran Transformers" and employed, discriminated, and discharged Plaintiff from employment. Therefore, Plaintiff brings this suit against all of the entities which employed Plaintiff at the time of any discrimination against her and at the time of termination of her employment.

2.    This suit was originally filed in the 414th District Court of McLennan County, Texas. Defendant had been properly served with citation by serving its registered agent for service: Donald A. Bolin, 8 Pinewood Circle, Houston, Texas 77024-7610. Defendant removed this suit to this federal court.  Defendant is waiting for the filing of this amended complaint in order to file its answer.

## JURISDICTION/VENUE

3.    Jurisdiction is based on federal questions under 28 U.S.C. § 1331 to the extent Plaintiff asserts claims under federal law; i.e. *Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e)(Title VII),  the Americans with Disabilities Act of 1990 (ADA),* as amended by the *Americans with Disabilities Act Amendments Act of 2008 (ADAAA),* and *the Family Medical Leave Act of 1993, 29 U.S.C. 2601 et seq. (FMLA).*

4.    Jurisdiction of Plaintiff's claim under the *Texas Labor Code* is also appropriate under 28 U.S.C. § 1367, since the state law cause of action is so related to the federal claim in the action

within the Court's original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

5.   At all times relevant to this cause of action, Plaintiff was an "employee" of Defendant and Defendant was an "employer," as these terms are defined in the *ADA/ADAAA*, and *Chapter 21 of the Texas Labor Code*.  Plaintiff has exhausted all administrative remedies as required by law and as hereinafter stated.

6.   Defendant does business in McLennan County, Texas, which is within the Western District of Texas.  The incidents in question occurred at Defendant's business location in Waco, McLennan County, Texas.

## FACTS

7.   Plaintiff was an employee of Defendant, as a quality manager, at Defendant's Waco, McLennan County, Texas location.  Plaintiff worked as a full time employee of Defendant from May 15, 2017 until she was discharged on or about November 5, 2018.

8.   Plaintiff, a female, was treated differently due to her sex.  As an example, Plaintiff, and other female employees of Defendant, were frequently assigned cleaning tasks at work, while the male employees were not.  At the time of her termination, Plaintiff had used one additional day of PTO past her allotted amount and was told she was being terminated for missing too many days. Plaintiff knew some of the male employees had gone over their allotted PTO time to a greater degree than Plaintiff, and yet they were not terminated.

9.   Plaintiff's youngest minor son was diagnosed with anxiety, depression and ADHD in early 2018, which qualify as serious health conditions under the *FMLA*.  Plaintiff notified Defendant's human resources representatives that she would periodically need time off work to care

for her son's mental and behavioral needs. Plaintiff kept Defendant informed when she needed to take off work to care for this child's serious health conditions. Plaintiff was entitled to receive *FMLA* leave to care for her youngest son regarding his serious health conditions.

10.    Plaintiff is a person who had and has the physical impairment of fibromyalgia,[1] at all relevant times hereto, which substantially limited major life activities and amounted to a disability, as defined by the *Texas Labor Code* § 21.002 (6) and the *ADAAA*. When active or aggravated, Plaintiff's impairments/disabilities caused severe fatigue and impairing pain throughout her body, which substantially affected her ability to move about and to concentrate the attention of her mind. Stressful situations tended to exacerbate her symptoms.

11.    Plaintiff's fibromyalgia condition is chronic and episodic. Plaintiff was able to perform the essential functions of her job at all relevant times hereto, when her symptoms were not active. At times, if her symptoms were active, she needed the reasonable accommodation of a short period of time off work to alleviate her impairing symptoms and recover, usually a day or two or more on infrequent occasions. Thereafter, Plaintiff could return to work and perform the essential functions of her job.

12.    Plaintiff requested the reasonable accommodation of being able to work from home for a short reasonable time, when her symptoms prevented her from being able to come into work.

13.    Plaintiff also suggested the reasonable accommodations of an adjusted schedule, more frequent breaks, and/or having someone to assist her with limited activities. In response to Plaintiff's

---

[1]    Fibromyalgia is a disorder characterized by widespread musculoskeletal pain accompanied by fatigue, sleep, memory and mood issues. Researchers believe that fibromyalgia amplifies painful sensations by affecting the way your brain processes pain signals. Symptoms sometimes begin after a physical trauma, surgery, infection or significant psychological stress. See *Mayo Clinic website*: https://www.mayoclinic. org/diseases-conditions/fibromyalgia/symptoms-causes/syc-20354780

request, Defendant refused to consider these requests, suggest any other reasonable accommodations, or enter into the required interactive process to discover an acceptable reasonable accommodation to her disability.

14.    Plaintiff was having health issues in late 2017 and early 2018 and missed a few days of work.  Plaintiff went to her doctor for an examination and was diagnosed with fibromyalgia.

15.    Plaintiff continued to have complications from her fibromyalgia and missed several more days of work. Defendant put Plaintiff on suspension for missing too many days of work and docked her pay for two days she was off, despite the fact that she was a salaried employee and had worked hours during the week from which pay was docked.

16.    On or about August 1, 2018, Plaintiff discussed with Defendant's human resources department her impairing and debilitating symptoms from her fibromyalgia and informed Defendant's HR department that she was experiencing a great deal of stress at work, which was aggravating her fibromyalgia condition.

17.    Also, Plaintiff's fibromyalgia was a serious health condition, as defined by the FMLA, that involved continuing treatment by a health care provider or that involved episodic periods of incapacity (either preventing her from doing one or more essential functions of her job or performing other regular daily activities) due to pain and other associated symptoms from said serious health condition, which required periodic visits for treatment by a health care provider that continued over an extended period of time and caused episodic incapacity, sometimes, rather than a continuing period of incapacity.

18.    Also, Plaintiff's fibromyalgia involved short periods of incapacity, which short periodic conditions were long-term, due to a condition for which treatment may not be effective.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                page 5 of 13

19.    On October 5, 2018, Plaintiff filed an employment discrimination complaint against Defendant with the Texas Workforce Commission - Civil Rights Division for disability and gender discrimination.  Plaintiff also filed a wage claim with the proper authorities for being docked pay while she was suspended in August 2018. Defendant received notice of the wage claim around October 10, 2018.

20.    On November 1, 2018, Plaintiff's older minor son was injured while playing in a football game. Plaintiff was concerned about missing any more work days, so she did not seek immediate medical care for her older son that day because it would have caused her to miss work hours.

21.    On Friday, November 2, 2018, Plaintiff remained at home with her older minor son for about an hour to make sure he was going to be well enough to attend school that day.

22.    Plaintiff was also not feeling well because of a fibromyalgia exacerbation of symptoms. She arrived at work about 1-1/2 hours late but had notified human resources regarding the issue with her son's health and her fibromyalgia episode, and that she was going to be late.

23.    Around lunchtime, the school called and asked Plaintiff to pick up her son immediately because his symptoms from the injury had increased.

24.    After notifying her supervisor of the emergency, Plaintiff left work for a short time (on her lunch break) to retrieve her son from school and take him home.  Even though it would have been better for her to stay with her son regarding his symptoms; because of the pressure Plaintiff felt from her employer, she returned to work immediately after leaving him at home and worked until 5:00 p.m.

25.    After work, Plaintiff took her son to a medical professional for in-person treatment for his injury and was informed he had suffered a concussion the day before, which was a serious medical condition as defined by the *FMLA*.

26.    Plaintiff's son received continuing medical treatment in the form of medication for nausea and other symptoms for over a week. Her son's concussion symptoms continued for over a week and he was restricted from certain activities for a week.

27.    Plaintiff was needed to care for her son because of his serious medical condition. Defendant interfered with Plaintiff's ability to care for her son as she was permitted to do by the *FMLA.*

28.    On Monday, November 5, 2018, Plaintiff was terminated from her job allegedly for excessive absences. Plaintiff attempted to provide a doctor's note describing her son's medical condition and the reason she needed to be home for a short time with him in the morning of November 2, 2018, but Defendant refused to accept the doctor's note.

## CAUSES OF ACTION

### Violation of Chapter 21 Texas Labor Code, Title VII, & the ADA/ADAAA

29. Plaintiff is a  person with an impairment and is a "qualified individual with a disability," as that term is defined under the *Texas Labor Code* §§ 21.001 et seq., hereinafter the "TCHRA;" *Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e)(Title VII)*; and the *Americans with Disabilities Act of 1990, 42 U.S.C. Ch.21 § 12101 et seq.* (ADA), *as amended by the Americans with Disabilities Act Amendments Act of 2008* (ADAAA).

30.    At all times relevant to this action, Plaintiff alleges that she was an "employee" who was a "qualified individual with a disability"(i.e., Plaintiff satisfied all the skill, experience,

education and other job-related selection criteria of her position with Defendant despite her disability or with a reasonable accommodation) and Defendant was an "employer" as those terms are defined under the *Texas Human Rights Act, Title VII,* and the *ADA/ADAAA.*

31.    At all times relevant to this action, Plaintiff was an "employee" and Defendant was an "employer" as those terms are defined under the *TCHRA, Title VII,* and the *ADA/ADAAA.*

32.    As stated above, at all relevant times to this suit, Plaintiff had the physical impairment of fibromyalgia that substantially limited one or more major life activities, a record of such an impairment, and/or was regarded as having such an impairment by Defendant, which resulted in a disability as defined by *TCHRA* § 21.051 et seq and the *ADA/ADAAA.*

33.    Plaintiff alleges that she was able and qualified to do the essential functions of her regular job, with or without a reasonable accommodation, at the time of her termination.

34.    Plaintiff alleges that the actions described above were motivating factors for her termination because of her disability, Plaintiff's record of a disability, and/or Defendant regarding her as being disabled in violation of the *TCHRA* § 21.051 et seq., *Title VII,* the *ADA/ADAAA*, and/or Plaintiff's need to take leave regarding her own serious health condition and/or her two minor sons' serious health conditions, resulting in damages as hereinafter set forth.

35.    Further, Defendant failed to grant Plaintiff the reasonable accommodation of a short reasonable period of time off to receive treatment for and deal with the effects of her disability, as described above, or work from home for a short time, as she had requested.

36.    Also, Defendant failed and refused to enter into an interactive process to determine if a reasonable accommodation could be granted to Plaintiff regarding her impairing disability.

37.    Plaintiff also alleges that the actions described above were a motivating factor for her termination because of her sex (female) in violation of the *TCHRA* § 21.051 et seq. and *Title VII,* which resulted in the damages as hereinafter stated.

## Retaliation

38.    As stated above, Plaintiff opposed/complained to management of Defendant and the Texas Workforce Commission-Civil Rights Division (TWCCRD) about being discriminated against because of her sex (gender-female), her disability, and requesting or using a reasonable accommodation for her disability.

39.    Thereafter, Defendant retaliated against Plaintiff on November 5, 2018 by failing to grant her any reasonable accommodation and/or terminating her employment because she had requested a reasonable accommodation and/or had complained/opposed the above illegal activity by Defendant.

40.    Also, Plaintiff complained to the Texas Workforce Commission about wage violations by Defendant. Thereafter, Defendant retaliated against Plaintiff by terminating her employment for having complained about the wage violations.

## Violation of the FMLA

41.    As alleged above, Defendant was subject to the *FMLA* and Plaintiff was protected by said law because she had worked for Defendant for the time required by law and because of her serious health condition qualifying under the *FMLA,* as described above.  Plaintiff was entitled to take reasonable leave on an intermittent or continuous basis, not to exceed a total of 12 workweeks of leave during any 12-month period, to care for herself because of a serious health condition, as described under the *FMLA* and *Title 29 § 825 of the Code of Federal Regulations*.

42.    Plaintiff was also entitled to take leave under the *FMLA* for the serious health condition of her dependent minor sons. Plaintiff took medical leave, as described above, because of a serious health conditions of her sons, as defined by the Act and the regulations.

43.    Defendant's willful and intentional termination of Plaintiff's employment, under the circumstances described above, was a violation of the *FMLA* resulting in damages as hereinafter set forth.

44.    The *FMLA* prohibits an employer from interfering with, restraining, or denying the exercise of any rights provided by said law, and the regulations, or from discharging an employee because of instituting any proceeding under said law. Plaintiff alleges that Defendant violated both her *prescriptive* and *proscriptive* rights under the *FMLA* by taking actions, including, but not limited to, the following:

A.    Defendant interfered with the exercise of Plaintiff's rights under the *FMLA* by refusing to allow Plaintiff to utilize the *FMLA* to protect her absences and/or tardies as described above.

B.    The *FMLA* provides that an employer cannot use the taking of *FMLA* leave as a negative factor in employment actions, such as disciplinary actions. Defendant's use of the taking of the intermittent and/or emergency *FMLA* leave by Plaintiff, either for her own self-care and/or for her minor sons' health care, in the decision to discharge her, was a violation of said law.

C.    Defendant's action in discharging Plaintiff violated said law.

D.    Defendant retaliated against Plaintiff for exercising her rights under the *FMLA* when it discharged her and refused to allow her to return to her previous or comparable position.

Defendant's discrimination against Plaintiff as described above resulted in damages as hereinafter set forth.

## DAMAGES

45.    As a result of the above actions by Defendant, Plaintiff has lost past and future wages and benefits of employment that Plaintiff received from Defendant.  Further, Plaintiff has suffered pecuniary losses and past and future compensatory damages, including but not limited to, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses for which Plaintiff now sues.

## PUNITIVE DAMAGES

46.    Defendant's wrongful action in terminating Plaintiff's employment was done knowingly, intentionally, with malice, and/or recklessly or with gross negligence in violation of Plaintiff's state and federal protected rights; therefore, Plaintiff is entitled to recover punitive damages from Defendant under the *ADA/ADAAA* and the *Texas Labor Code*.

## LIQUIDATED DAMAGES

47.    Defendant's bad faith, willful, and unreasonable wrongful actions in violating Plaintiff's rights under the *FMLA* should result in the Court awarding an additional sum as liquidated damages equal to the damages awarded for all of the foregoing economic damages of Plaintiff.

## ADMINISTRATIVE PREREQUISITES

48.    Plaintiff has satisfied all prerequisites to this suit, including exhausting all required administrative remedies. Plaintiff timely filed a complaint against Defendant with the Texas Workforce Commission-Civil Rights Division (TWCCRD), which is a joint filing with the Equal Employment Opportunity Commission (EEOC) based on their work sharing agreement, exhausted all administrative remedies, and received a right to sue from the TWCCRD and from the EEOC.

### INJUNCTION/EQUITABLE RELIEF AGAINST DEFENDANT

49.    On a finding that Defendant has engaged in an unlawful practice(s), as alleged above, Plaintiff requests the Court to prohibit by injunction the Defendant from engaging in the unlawful employment practice(s) and order any and all additional equitable relief as may be appropriate as listed and set out in *the ADA/ADAAA and § 21.258 of the Texas Labor Code*.  Plaintiff further requests reinstatement if reasonably possible under the circumstances at the time of the order.

### ATTORNEY FEES

50.    Plaintiff has also had to employ one or more attorneys to vindicate her rights for being terminated, and seeks reasonable and necessary attorney fees as allowed by law.

### JURY DEMAND

51.    Plaintiff hereby respectfully demands a trial by jury, which has already been timely demanded in the Texas state court suit that was removed to this Court.

### PRAYER

WHEREFORE, Plaintiff requests that Plaintiff be awarded relief and damages, as stated above, including past and future lost compensation and benefits, past and future compensatory damages, punitive damages, injunctive relief, reinstatement if reasonably possible, attorney fees, costs of court, and such other relief, both at law and in equity, as Plaintiff may be justly entitled.

**DANNY C. WASH**
State Bar No. 20896000
WASH & THOMAS
Attorneys at Law
6613 Sanger Ave.
Waco, Texas 76710

(254) 776-3611
(254) 776-9217 - Fax Number
danwash@washthomas.com

By: /s/ Danny C. Wash
       **Danny C. Wash**
       State Bar No. 20896000

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

       This is to certify that a true and correct copy of the above and foregoing document has been served on the attorney of record for Defendant, on this 24th day of January, 2020 by means of the CM/ECF system of this Court.

       /s/ Danny C. Wash
       **Danny C. Wash**